IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DIET DRUGS | : | |
| (PHENTERMINE/FENFLURAMINE/ | : | MDL NO. 1203 |
| DEXFENFLURAMINE) PRODUCTS | : | |
| LIABILITY LITIGATION | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| | : | |
| SHELIA BROWN, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 99-20593 |
| AMERICAN HOME PRODUCTS | : | |
| CORPORATION | : | |

MEMORANDUM IN SUPPORT OF PRETRIAL ORDER NO. 9586

Bartle, J.                                                    June 4, 2024

        This is a further proceeding in this massive class

action settlement arising out of claims against Wyeth related to

the marketing of its Diet Drugs Pondimin and Redux which

plaintiffs alleged to have caused them valvular heart disease.

        Before the court is the petition of class counsel

Levin, Sedran & Berman, LLP for an award of counsel fees

relating to work performed from January 1, 2024 through March

31, 2024.  During that time period, the firm expended 45.75

hours to establish a new claims processing structure,

communicate with pro se Class Members, including one appeal of a

claims denial, and work with the Claims Administrator to destroy

unnecessary materials housed by the American Home Products

Settlement Trust ("Trust") and monitor claims processing.  For

this work, the firm seeks a total of $35,812.50.  This court has previously awarded fees in Pretrial Order ("PTO") Nos. 2262, 2859, 7763A, 8516, 8646, 8869, 9102, 9294, 9465, 9460, 9502, 9514, and 9576.

I

On August 28, 2023, the court approved the Eleventh Amendment without objection.  See PTO No. 9558, Brown v. Am. Home Prods., Civ. A. No. 99-20593 (Doc. # 5413).  The parties devised this amendment to further streamline claims processing for the approximately 3,000 class members that remain eligible to make a Matrix claim if they develop a qualifying medical condition within the next four decades.

The court provided a brief history of Agreement's history in its memorandum accompanying its most recent PTO approving the payment of class counsel fees.

> The parties entered into the initial Class Action Settlement Agreement ("Agreement") on November 18, 1999.  Due to difficulties experienced in reviewing, identifying, and timely paying claims to eligible claimants, the parties created and executed multiple amendments to streamline the review process of medical claims.  Between 2006 and 2019, class counsel submitted annual petitions for reimbursement of fees and expenses, which were reviewed by the court. During that time, approximately forty-two thousand claims were processed pursuant to the Agreement.
>
> As time passed, the number of claims has greatly decreased.  From 2019 through 2022,

-2-

> the American Home Products Settlement Trust
> ("Trust"), which was responsible for paying
> claims, received sixteen Matrix claims and
> paid out $7,743,309 in Matrix benefits.  In
> 2022, the Trust paid out $1,478,993 in
> claims, yet incurred $983,672 in expenses.
> In the first quarter of 2023, the Trust did
> not pay out any claims, but incurred $60,000
> in trustee fees and $82,807 in expenses.
> The claims review system was also slow –
> taking around eleven months to pay a single
> claim.

Memorandum in Support of PTO No. 9576, <u>Brown</u>, Civ. A. No. 99-
20593 (Doc. # 5432).

Pursuant to Section II.P. of the Eleventh Amendment,
Wyeth agreed to pay class counsel's fees incurred in the
administration of the Class Action Settlement Agreement
("Agreement").  It retained its right to object to such proposed
fees and stipulated that such fees shall not exceed the lodestar
calculation.  A lodestar calculation is one way of calculating a
reasonable rate for counsel and is determined by multiplying the
number of hours counsel reasonably expended on the matter by
counsel's reasonable hourly rate.

Wyeth has not filed any objections.  Class counsel now
petitions the court for fees based on 45.75 hours they expended
in establishing a new claims processing procedure as well as
communicating with pro se claimants.

-3-

II

Although the instant petition has received no objections from Wyeth, the court must nonetheless conduct a "thorough judicial review" of the requested fee award as required in all class action settlements.  In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig., 55 F.3d 768, 819 (3d Cir. 1995).  The court will analyze the reasonableness of the settlement in light of the factors outlined in Gunter v. Ridgewood Energy Corp., 223 F.3d 190 (3d Cir. 2000).  It will then apply a lodestar cross-check.

In determining the reasonableness of a proposed award for counsel in class action settlements such as this, our Court of Appeals requires a district court to consider the following ten factors:

> (1) the size of the fund created and the number of beneficiaries, (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel, (3) the skill and efficiency of the attorneys involved, (4) the complexity and duration of the litigation, (5) the risk of nonpayment, (6) the amount of time devoted to the case by plaintiffs' counsel, (7) the awards in similar cases, (8) the value of benefits attributable to the efforts of class counsel relative to the efforts of other groups, such as government agencies conducting investigations, (9) the percentage fee that would have been negotiated had the case been subject to a private contingent fee arrangement at the time counsel was retained, and (10) any innovative terms of

-4-

settlement.

<u>In re Diet Drugs Prods. Liab. Litig.</u>, MDL No. 1203, 2013 WL 3326480, at *3 (E.D. Pa. June 28, 2013) (citing <u>Gunter</u>, 223 F.3d at 195).[1]  These factors shall not be applied in a formulaic way, and a district court must recognize that one factor may outweigh others.  <u>Id.</u>  What is important is that the court "evaluate what class counsel actually did and how it benefitted the class."  <u>In re AT&T Corp. Sec. Litig.</u>, 455 F.3d 160, 165-66 (3d Cir. 2006) (citing <u>In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions</u>, 148 F.3d 283, 342 (3d Cir. 1998)).

### A.    Size of Fund

The size of the Settlement Fund totals approximately $6.44 billion.  The Eleventh Amendment benefits the 3,000 remaining class members that remain eligible for benefits under the Agreement.  While this is only a fraction of those individuals originally eligible for a distribution, the work counsel has done has benefitted all claimants remaining eligible for additional payments.  Thus this factor weighs in favor of granting the proposed fee award.

---

1.    These factors were articulated in the context of class action settlements where the court considered the reasonableness of a percentage-of-recovery fee award.  Although the award proposed here is calculated based on the lodestar method of recovery, the court will still consider these factors in order to assure that the award is reasonable.  The choice of methodology "rest[s] within the district court's sound discretion."  <u>In re Gen. Motors Corp.</u>, 55 F.3d at 821.

**B.    Presence or Absence of Substantial Objections**

There have been no objections to the petition for counsel fees.  Further, there have been no objections to counsel fee petitions since 2007.  All prior objections were overruled, some rulings were appealed, and our Court of Appeals affirmed. See, e.g., In re Diet Drugs Prods. Liab. Litig., 385 F.3d 386 (3d Cir. 2004).  This weighs in favor of granting the award.

**C.    Skill & Efficiency of Attorneys Involved**

This court has previously recognized class counsel for their skill and diligence.  See, e.g., In re Diet Drugs Prods. Liab. Litig., MDL No. 1203, 2010 WL 3292787, at *10 (E.D. Pa. Aug. 19, 2010) (citing In re Diet Drugs Prods. Liab. Litig., 553 F. Supp. 2d 442, 474 (E.D. Pa. 2008)).  Class counsel's current work prioritizes the changing needs of the class.  This factor weighs in favor of granting the award.

**D.    Complexity & Duration of Litigation**

This multidistrict litigation has spanned nearly three decades and could last at least in some form for four more decades.[2]  The court has entered over 9,500 PTOs in this matter. However, the bulk of the settlement activity has already occurred.  There are now only approximately 3,000 potential claimants remaining eligible for payment.

---

2.  The youngest claimant will turn eighty on September 30, 2063.  After that date, she will have four years during which she may apply for a benefit under the Agreement.

**E.   Risk of Non-Payment**

Non-payment is typically not a risk for cases in which there has already been a settlement.  In consideration of this litigation's long history, any risk of non-payment was slight.

**F.   Amount of Time Devoted to Case by Class Counsel**

Class counsel worked a total of 45.75 hours over the past three months on this matter.  Wyeth did not object to this figure.  The time records, submitted contemporaneously with the petition, demonstrate that all work was closely related to assisting class members and other work traditionally undertaken by class counsel.  Thus the 45.75 hours are reasonable.

**G.   Awards in Similar Cases**

The instant petition, as noted above, seeks $35,812.50 in fees.  This is less than 0.0006% of the total Settlement Fund, valued at roughly $6.437 billion.  If this fee award is paid out, class counsel will have been awarded a total of 7.172% of the Settlement Fund over the course of the litigation.  This figure is reasonable, and this factor weighs in favor of granting the petition.

**H.   Value of Benefits Attributable to Efforts of Class Counsel Relative to Other Groups**

Next, the court must consider the benefits created by other groups, such as government agencies, in determining a reasonable fee.  No government entities or agencies participated in the negotiation of this amendment.  See In re Diet Drugs

Prod. Liab. Litig., MDL No. 1203, 2019 WL 2319286, at *5 (E.D. Pa. May 29, 2019).  This factor weighs in favor of granting the fee petition.

## I.   Percentage Fee that Would Have Been Negotiated Had the Case Been Subject to a Private Contingent Fee Agreement at the Time Counsel Was Retained

While the court has previously compared the fees requested by the Major Filers in this litigation, they did not participate in the administration of the Eleventh Amendment. Therefore, this comparison is not apt.  Further, our Court of Appeals has "question[ed] the significance of this inquiry to class action lawsuits" where recovery may exceed one billion dollars.  See In re Prudential Ins., 148 F.3d at 340.

## J.   Innovative Terms of Settlement

The work class counsel has done these past three months has effectuated the terms of the Eleventh Amendment, which we found to be innovative in PTO No. 9576.  This work responds to the changing needs of the class members while still preserving their appeal and opt-out rights.  This factor weighs in favor of granting the fee petition.

### III

Finally, the court must perform a lodestar cross-check.  Such a check is performed by "multiplying the hours reasonably expended on the matter by the reasonable hourly billing rate which then provides the court with the 'lodestar

-8-

calculation.'"  Diet Drugs, 553 F. Supp. 2d at 485.  The
proposed fee award is then divided by the lodestar calculation.
The resulting figure is the lodestar multiplier.  The court must
then compare this number to the lodestar multiplier in similar
cases.  Id.

Here, the lodestar value is $35,812.50, and class
counsel has requested that amount.  This request is in line with
our prior PTOs that have approved counsel fee payments.  Class
counsel argues that the requested fee is appropriate because
Wyeth has not objected and because payment of the lodestar value
is appropriate compensation for claims administration services.

First, we determine whether the hourly rate is
appropriate.  The court found in PTO No. 9576 that the hourly
rate of $850 for Laurence S. Berman, partner at Levin, Sedran
and Berman LLP, was reasonable.  The hourly rates of his support
staff similarly remain reasonable.

Next, it was reasonable of Levin, Sedran and Berman
LLP to spend a total of 45.75 hours on class counsel duties over
three months for a class of approximately 3,000 members.  A
review of class counsel's time entries submitted with their
petition confirms as such.

For these reasons, the court will approve a payment of
$35,812.50 to class counsel in connection with their work in
effectuating the Class Action Settlement Agreement.